UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALONDRA Y. RIVERA,

                  Plaintiff,

-v-

TARGET CORP., *et al.*,

                  Defendants.

24-CV-6965 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

    Plaintiff Alondra Rivera, proceeding *pro se*, brought this case against her former employer Target Corporation, one of its divisions, Roundel, her former supervisor, Quinn Nelson, and several other employees (collectively, "Defendants"), alleging employment discrimination. (ECF No. 1.) On June 6, 2025, this Court granted Defendants' motion to dismiss (ECF No. 29), and on July 15, 2025, after Rivera did not file a proposed amended complaint, the Court entered judgment in favor of Defendants (ECF Nos. 30, 31). Before the Court is Rivera's motions for an extension of time to file a notice of appeal and for leave to proceed in forma pauperis on appeal.

    Federal Rule of Appellate Procedure 4(a)(1) requires that a Notice of Appeal be "filed . . . within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). However, a "district court may extend the time to file a notice of appeal if . . . a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and . . . that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5).

    Because judgment was entered on July 15, 2025, Rivera had until August 14, 2025, to file a Notice of Appeal. (*See* ECF No. 31.) Rivera missed this deadline. However, she moved for an extension of time on September 4, 2025, within 30 days of August 14 as permitted by Rule

1

4(a)(5). (ECF No. 32.) Rivera alleges that she missed the deadline because her partner, for whom she is the sole care assistant, underwent surgery days before the entry of judgment in this case, thus increasing her caretaking responsibilities. (*Id.* at 1-2.) Rivera further alleges that she is representing herself *pro se* in a matter before Bronx County Civil Court and attendant appearances in late July and late August caused the delay, and that, "due to the timing of service by postal service," she only received the judgment the week of the August 14 deadline. (*Id.*)

Rivera fails to demonstrate excusable neglect or good cause. "The excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant." *Alterescu v. New York City Dep't of Educ.*, No. 21-CV-925, 2022 WL 17540485, at *1 (S.D.N.Y. Nov. 29, 2022) (quoting Fed. R. App. P. 4(a)(5) Advisory Committee's Notes to 2002 Amendments). In contrast, the good cause standard "'applies in situations in which there is no fault — excusable or otherwise,' such as when 'the Postal Service fails to deliver a notice to appeal.'" *Id.* (quoting Fed. R. App. P. 4(a)(5) Advisory Committee's Notes to 2002 Amendments). Because Rivera only offers explanations indicating some degree of fault on her part—given that she was aware of the deadline and able to file before the deadline passed—the Court applies the excusable neglect standard.

"The burden of proving excusable neglect lies with the late-claimant." *Alexander v. Saul*, 5 F.4th 139, 148 (2d Cir. 2021) (quotation marks omitted). "Although a party's status as pro se is relevant in determining whether there has been excusable neglect, pro se parties are not automatically excused from complying with procedural rules." *Chiulli v. I.R.S.*, No. 03-CV-6670, 2005 WL 3021179, at *3 (S.D.N.Y. Sept. 21, 2005) (cleaned up). "In deciding whether a movant has carried this burden, courts consider the four factors set forth by the Supreme Court in

*Pioneer*: '[1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.'" *Alexander*, 5 F.4th at 148 (alterations in original) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). The Second Circuit has "taken a hard line" in determining when neglect is excusable. *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 368 (2d Cir. 2003).

The Court concludes that Defendants did not suffer meaningful prejudice from the relatively brief delay and that the record suggests Rivera acted in good faith. Accordingly, and as is often the case, the determinative factor is whether the reason for the delay was within Rivera's reasonable control. *Alexander*, 5 F.4th at 148 (holding that it is appropriate to "[a]fford[] dispositive weight" to the reason for delay); *see also* Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3950.3 (3d ed. 2022) (noting that some courts, like the Second Circuit, "have made the third factor virtually determinative").

Rivera fails to satisfy her burden because the reason for the delay was reasonably within her control. Rivera's proffered explanations are her caretaking responsibilities for her partner, delays in postal service resulting in her receiving the judgment close to the deadline, and unrelated litigation obligations. Although the Court is sympathetic to the fact that Rivera's increased caretaking responsibilities may have taken much of her time during the relevant period, "a busy schedule" is not enough to warrant an exception to the rule. *Merex A.G. v. Loral Fairchild Corp.*, No. 96-7318, 1996 WL 633395, at *2 (2d Cir. Nov. 1, 1996) (summary order). Indeed, Rivera claims that she was involved in another case in Bronx County Civil Court after the entry of judgment (ECF No. 32 at 2), indicating that she did have the time and ability to

participate in litigation. *See Alexander*, 5 F.4th at 151 (declining to find excusable neglect where plaintiff had shown she "is capable of managing her own affairs and meeting deadlines" and could pursue "litigation in a timely fashion"). Moreover, choosing to prioritize other obligations, like a separate case, does not establish excusable neglect. *See Chiulli*, 2005 WL 3021179, at *3. And although Rivera only received a physical copy of the judgment the week her Notice of Appeal was due, that still left her a reasonable amount of time to file such notice before the deadline passed. *Cf. Piper v. Smith*, No. 07-CV-9866, 2011 WL 1458506, at *1 (S.D.N.Y. Apr. 11, 2011) (granting an extension where the petitioner did not receive a copy of the order until *after* the deadline had passed).

Accordingly, Rivera's pro se motion for an extension of time to file a notice of appeal of this Court's decision is DENIED. Because the Court denies Rivera's motion for an extension of time, her motion for leave to proceed IFP on appeal is also DENIED.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to close the motions at Docket Numbers 32 and 33.

The Clerk of Court is respectfully requested to mail a copy of this Order to Rivera at the following address: 140 Van Cortlandt Ave. W #7K, Bronx, New York 10463.

SO ORDERED.

Dated: November 4, 2025
New York, New York

_____
J. PAUL OETKEN
United States District Judge

4